Brett N. Taylor, State Bar No. 274400
COZEN O'CONNOR
601 S. Figueroa Street
Suite 3700
Los Angeles, CA  90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorney for Plaintiff BEACHBODY, LLC

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEACHBODY, LLC, | Case No.: _____ |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR COMPETITION** |
| vs. | |
| SHAKLEE CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Beachbody, LLC ("Beachbody"), by and through its undersigned attorneys, for its complaint for declaratory relief against Shaklee Corporation ("Shaklee"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

This is an action for a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, that: (i) Beachbody's use of its trademark BEACHBODY PERFORMANCE does not infringe upon or interfere with the asserted rights of Shaklee, (ii) Beachbody's acts have not violated and do not violate federal or state laws relating to trademark infringement or unfair competition, including without

1

limitation, Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and (iii) Shaklee's acts and use of SHAKLEE PERFORMANCE HYDRATE, SHAKLEE PERFORMANCE ENERGIZE, and SHAKLEE PERFORMANCE RECOVER infringes upon the asserted trademark rights of Beachbody.

### JURISDICTION AND VENUE

1.     There is a justiciable controversy between Beachbody and Shaklee, namely, Shaklee is alleging and has alleged that Beachbody is committing trademark infringement and unfair competition.

2.     Subject matter jurisdiction arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the laws of the United States concerning trademarks and unfair competition (15 U.S.C. §§ 1114, 1125(a) and 28 U.S.C. § 1338(b)), and under the supplemental jurisdiction provisions of 28 U.S.C. §§ 1331, 1338(b) and 1367(a).

3.     This Court has personal jurisdiction over Shaklee because (i) Shaklee is registered to do business in California; (ii) Shaklee has purposefully availed itself of this forum by maintaining an active, online website that is accessible to and actively advertises to residents of this judicial district, and allows for the sale and shipment Shaklee's products to consumers within this forum; and (iii) a substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.  Shaklee, therefore, has sufficient minimum contacts with this jurisdiction, and as such, it would be reasonable to require Shaklee to defend a lawsuit brought in this state.

4.     The venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because (i) a substantial part of the events giving rise to this declaratory judgment occurred in this judicial district; (ii) Beachbody has a principal place of business in this district; and (iii) Shaklee does business in this district.

### PARTIES

2

5.     Beachbody is a Delaware limited liability company with an office at 3301 Exposition Blvd., Santa Monica, California 90404.

6.     Shaklee is a Delaware corporation with a principal place of business at 4747 Willow Road, Pleasanton, California 94588.

## FACTUAL BACKGROUND ABOUT BEACHBODY AND ITS INTELLECTUAL PROPERTY

7.     Founded in 1998, Beachbody is a well-known leader in the health, fitness, and nutrition industry.

8.     Beachbody creates, produces, markets, sells, and distributes health, fitness, wellness and nutrition products and services, including various in-home fitness and weight loss DVD and streaming-based programs, meal replacement shakes, and dietary supplements.

9.     Beachbody's well-known line of BEACHBODY® products and services includes but is not limited to P90X®, P90X2®, P90X3®, INSANITY®, FOCUS T25®, 21 DAY FIX®, CIZE®, SHAKEOLOGY®, FIXATE®, and BEACHBODY ULTIMATE RESET®.

10.     Beachbody's well-known line of BEACHBODY® products and services have achieved great success since their respective introductions.

11.     Beachbody continues to develop, market, and sell new lines of fitness and nutrition related products and services.

12.     One of Beachbody's lines of sports nutrition powder supplements are marketed and sold under the trademark BEACHBODY PERFORMANCE. The BEACHBODY PERFORMANCE supplements were developed via peer-reviewed science and input from athletes and leaders in the field of exercise physiology and nutrition, and the supplements received the NSF Certified for Sport® certification for quality.

13.     BEACHBODY PERFORMANCE supplements include key ingredients

3

that help individuals of all fitness levels lose weight, build muscle, tone, and engage in and recover from athletic participation.

14.     The line of BEACHBODY PERFORMANCE supplements includes but is not limited to: BEACHBODY PERFORMANCE ENERGIZE, BEACHBODY PERFORMANCE HYDRATE, BEACHBODY PERFORMANCE RECOVER, and BEACHBODY PERFORMANCE RECHARGE (collectively, the "BP Additional Term Marks").

15.     The packaging for each item in the line of BEACHBODY PERFORMANCE supplements is color-coded – yellow for BEACHBODY PERFORMANCE ENERGIZE, aqua blue for BEACHBODY PERFORMANCE HYDRATE, neon green for BEACHBODY PERFORMANCE RECOVER, and purple for BEACHBODY PERFORMANCE RECHARGE.  True and correct copies of images of the BEACHBODY PERFORMANCE supplements and packaging are attached as **Exhibit A**.

16.     BEACHBODY PERFORMANCE supplements are sold predominately through Beachbody's websites available at www.beachbody.com and www.teambeachbody.com, as well as through Beachbody's distribution network of independent, third party individuals referred to as "Coaches."

17.     BEACHBODY PERFORMANCE supplements are priced in the range of $13.95 to $214.95 plus shipping and handling, depending on the product configuration.

18.     Beachbody has invested substantial time, money, and effort in developing and promoting its line of BEACHBODY PERFORMANCE supplements.

19.     As a result of such efforts, consumers have come to associate the BEACHBODY PERFORMANCE trademark and the associated supplements with Beachbody, and the BEACHBODY PERFORMANCE trademark and the BP Additional Term Marks have accrued significant goodwill and consumer recognition.

4

20.     Beachbody owns all right, title, and interest in and to BEACHBODY® in connection with dietary and nutritional supplements and has consistently used BEACHBODY® in commerce in connection with the same since at least as early as May 1999.

21.     Beachbody owns U.S. Trademark Registration No. 2,862,904 on the Principal Register in the United States Patent and Trademark Office ("USPTO") for BEACHBODY in connection with, *inter alia*, "meal replacement protein bars, dietary supplements and diet aids, namely vitamins and mineral supplements" in International Class 5.  The mark was registered on July 13, 2004 and the registration for BEACHBODY® is incontestable.

22.     Beachbody has continuously used BEACHBODY® in connection with dietary and nutritional supplements since May 10, 1999.

23.     Beachbody owns all right, title, and interest in and to BEACHBODY PERFORMANCE in connection with dietary and nutritional supplements and has used the mark consistently in connection with the same since at least as early as 2015.

24.     On February 2, 2015, Beachbody filed U.S. Trademark Application Serial No. 86/521,638 on the Principal Register of the USPTO for BEACHBODY PERFORMANCE in connection with "Nutritional and dietary supplements; dietary supplements and diet aids, namely, vitamins and mineral supplements; food supplements; powdered nutritional supplement drink mix and shake mix; meal replacement shakes adapted for medical use; meal replacement bars adapted for medical use; nutritional supplement shakes; nutritional and dietary supplements formed and packaged as bars" (the "BEACHBODY PERFORMANCE Goods") in International Class 5.

25.     Beachbody disclaimed the word "Performance" in connection with its BEACHBODY PERFORMANCE application, and as such, no claim was made to the

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR COMPETITION LEGAL\32761164\1

1  exclusive right to use "PERFORMANCE" apart from the entire BEACHBODY
2  PERFORMANCE mark.

3      26.    The Examining Attorney assigned to review the BEACHBODY
4  PERFORMANCE application never cited or referenced any mark, including the
5  marks owned by Shaklee, as a bar to registration during the course of prosecution of
6  the BEACHBODY PERFORMANCE application.

7      27.    The Examining Attorney approved for publication the BEACHBODY
8  PERFORMANCE application on June 3, 2015 and it published for opposition in the
9  *Official Gazette* on June 23, 2015.

10     28.    Beachbody owns all right, title, and interest in and to BEACHBODY
11 PERFORMANCE ENERGIZE in connection with dietary and nutritional supplements
12 and has used the mark consistently in connection with the same since at least as early
13 as July 2015.

14     29.    On August 24, 2017, Beachbody filed U.S. Trademark Application Serial
15 No. 87/582,971 for BEACHBODY PERFORMANCE ENERGIZE in connection with
16 "Dietary and nutritional supplements; Dietary and nutritional supplements for
17 endurance sports; Dietary and nutritional supplements used for weight loss; Food
18 supplements; Powdered nutritional supplement drink mix and concentrate; Meal
19 replacement shakes adapted for medical use; Nutritional supplement shakes; Protein
20 supplement shakes" in Class 5.  The US Patent and Trademark Office required that
21 Beachbody disclaim "PERFORMANCE" separate and apart from the mark as a whole
22 advising that "PERFORMANCE" by itself was merely descriptive.

23     30.    Beachbody owns all right, title, and interest in and to BEACHBODY
24 PERFORMANCE RECOVER in connection with dietary and nutritional supplements
25 and has used the mark consistently in connection with the same since at least as early
26 as July 2015.

27

28

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR
COMPETITIONLEGAL\32761164\1

31.     On August 24, 2017, Beachbody filed U.S. Trademark Application Serial No. 87/583,005 for BEACHBODY PERFORMANCE RECOVER in connection with "Dietary and nutritional supplements; Dietary and nutritional supplements for endurance sports; Dietary and nutritional supplements used for weight loss; Food supplements; Powdered nutritional supplement drink mix and concentrate; Meal replacement shakes adapted for medical use; Nutritional supplement shakes; Protein supplement shakes" in Class 5. The US Patent and Trademark Office required that Beachbody disclaim "PERFORMANCE" and "RECOVER" separate and apart from the mark as a whole advising that "PERFORMANCE" by itself and "RECOVER" by itself were merely descriptive.

32.     Beachbody owns all right, title, and interest in and to BEACHBODY PERFORMANCE HYDRATE in connection with dietary and nutritional supplements and has used the mark consistently in connection with the same since at least as early as July 2015.

33.     On August 24, 2017, Beachbody filed U.S. Trademark Application Serial No. 87/582,990 for BEACHBODY PERFORMANCE HYDRATE in connection with "Dietary and nutritional supplements; Dietary and nutritional supplements for endurance sports; Dietary and nutritional supplements used for weight loss; Food supplements; Powdered nutritional supplement drink mix and concentrate; Meal replacement shakes adapted for medical use; Nutritional supplement shakes; Protein supplement shakes" in Class 5.  The US Patent and Trademark Office required that Beachbody disclaim "PERFORMANCE" and "HYDRATE" separate and apart from the mark as a whole advising that "PERFORMANCE" by itself and "HYDRATE" by itself were merely descriptive.

34.     Beachbody owns all right, title, and interest in and to BEACHBODY PERFORMANCE RECHARGE in connection with dietary and nutritional

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR COMPETITIONLEGAL\32761164\1

supplements and has used the mark consistently in connection with the same since at least as early as July 2015.

35.     On August 24, 2017, Beachbody filed U.S. Trademark Application Serial No. 87/583,012 for BEACHBODY PERFORMANCE RECHARGE in connection with "Dietary and nutritional supplements; Dietary and nutritional supplements for endurance sports; Dietary and nutritional supplements used for weight loss; Food supplements; Powdered nutritional supplement drink mix and concentrate; Meal replacement shakes adapted for medical use; Nutritional supplement shakes; Protein supplement shakes" in Class 5.  The US Patent and Trademark Office required that Beachbody disclaim "PERFORMANCE" separate and apart from the mark as a whole advising that "PERFORMANCE" by itself was merely descriptive.  The US Patent and Trademark Office never requested that Beachbody disclaim "RECHARGE".

## FACTUAL BACKGROUND ABOUT SHAKLEE AND ITS INTELLECTUAL PROPERTY

36.     Founded in 1956, Shaklee is a manufacturer and distributor of dietary and nutritional supplements as well as household, beauty, and weight control products.

37.     Shaklee owns U.S. Trademark Registration No. 2,694,345 for the mark PERFORMANCE in connection with "powdered concentrate for making an electrolytic soft drink" in International Class 32. The mark registered on March 11, 2003 and the registration is incontestable.

38.     Shaklee owns U.S. Trademark Registration No. 1,576,685 for the mark SHAKLEE PERFORMANCE in connection with "powdered concentrate for making an electrolytic soft drink" in International Class 32. The mark registered on January 9, 1990 and the registration is incontestable.

39.     According to the trademark registrations for SHAKLEE PERFORMANCE and PERFORMANCE (collectively, the "Shaklee Performance

8

1  Marks"), Shaklee has used the Shaklee Performance Marks in commerce in
2  connection with its goods since March 7, 1989.

3      40.    Shaklee sells electrolyte, protein, and energy drink powder as well as
4  energy chews under the Shaklee Performance Marks predominately through its
5  website available at https://www.shaklee.com, as well as through Shaklee's
6  distribution network of qualified distributors and members.

7      41.    Shaklee sells its line of products on the Shaklee Performance Marks
8  priced in the range of $20.00 to $141.20, depending on the product configuration.

9

10          **SHAKLEE'S OBJECTIONS TO BEACHBODY'S USE AND**
11             **REGISTRATION BEACHBODY PERFORMANCE**

12      42.    On August 6, 2015, counsel for Shaklee sent a cease and desist letter to
13  counsel for Beachbody advising of Shaklee's rights in and to the Shaklee Performance
14  Marks and objecting to the BEACHBODY PERFORMANCE mark on the ground that
15  its use and registration in connection with the BEACHBODY PERFORMANCE
16  Goods was confusingly similar to the Shaklee Performance Marks and its associated
17  goods. A true and correct copy of the letter is attached as **Exhibit B**.

18      43.    Shaklee's letter also demanded that Beachbody (1) immediately cease
19  and desist from use of any mark including the term "Performance" for dietary
20  products including any drink mix; (2) abandon any trademark application or
21  registration that includes the term "Performance" for any dietary supplement product,
22  including any drink mix; and (3) pay to Shaklee $25,000 as compensation for injury to
23  Shaklee's rights in its Shaklee Performance Marks caused by the advertisement of the
24  BEACHBODY PERFORMANCE and the associated BEACHBODY
25  PERFORMANCE Goods.

26      44.    On August 11, 2015, counsel for Beachbody responded to Shaklee,
27  strongly denying any likelihood of confusion between BEACHBODY

28

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR
COMPETITIONLEGAL\32761164\1

1  PERFORMANCE, the Shaklee Performance Marks, and their respective goods.  A
2  true and correct copy of the letter is attached as **Exhibit C**.

3       45.    Beachbody's response also indicated its belief that (1) the term
4  "Performance" in connection with drink mixes and dietary and nutritional
5  supplements is descriptive; (2) there are multiple third party uses and registrations of
6  marks incorporating the term "Performance" in connection with drink mixes and
7  dietary and nutritional supplements; and therefore, (3) the Shaklee Performance Marks
8  are inherently weak and entitled to a very limited scope of protection.

9       46.    On October 21, 2015, Shaklee filed an opposition against Beachbody's
10  BEACHBODY PERFORMANCE application at the Trademark Trial and Appeal
11  Board ("TTAB") at the USPTO.

12       47.    Shaklee objected to the registration of BEACHBODY PERFORMANCE
13  and alleged in the Notice of Opposition that BEACHBODY PERFORMANCE is
14  confusingly similar to the Shaklee Performance Marks, and that BEACHBODY
15  PERFORMANCE is likely "to cause confusion with [the Shaklee] PERFORMANCE
16  Marks, or to cause mistake, or to deceive as to the origin, source, or sponsor of
17  [Beachbody's] goods."

18       48.    Shaklee further alleged in the Notice of Opposition that Shaklee "would
19  therefore be injured by [Beachbody's] registration of the BEACHBODY
20  PERFORMANCE mark."

21       49.    Shaklee sought that the TTAB reject Beachbody's BEACHBODY
22  PERFORMANCE application and grant any and all further relief necessary.

23       50.    In answering the Notice of Opposition, Beachbody put forth
24  counterclaims seeking the cancellation of Shaklee's PERFORMANCE® registration
25  on the basis of fraud and abandonment.  Beachbody also asserted the affirmative
26  defenses of abandonment, genericness, fraud, descriptiveness, and non-infringement.

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR
COMPETITIONLEGAL\32761164\1

51.     Despite repeated attempts to enter into a settlement agreement, the parties have been unable to resolve this matter.

## COEXISTENCE OF BEACHBODY AND SHAKLEE

52.     The BEACHBODY PERFORMANCE mark has coexisted with the Shaklee Performance Marks for over two years.

53.     There have been no instances of actual confusion between the goods offered under the BEACHBODY PERFORMANCE trademark and the Shaklee Performance Marks, and Shaklee has provided no evidence of actual confusion.

54.     Shaklee has no reasonable basis for opposing the application for BEACHBODY PERFORMANCE as Shaklee has not opposed numerous federal registrations or impending federal registrations of third party marks that incorporate the term "Performance" for drink mixes and dietary and nutritional supplements, including but not limited to U.S. Trademark Registration Nos. 1950118 for PERFORMANCE®, 3517564 for PERFORMANCE BALANCE®, 4664263 for CHAMPION PERFORMANCE®, 4895953 for FUEL FOR OPTIMUM PERFORMANCE, 3112038 for PERFORMANCE EDGE®, 4846207 for RECREATIONAL HEALTH AND PERFORMANCE®, 3913396 for RIVAL-US OWN YOUR PERFORMANCE & Design®, and 4679156 for SCIENCE DRIVEN. PERFORMANCE PROVEN®.  True and correct copies of evidence from the USPTO showing the active status of these third party registration are attached as **Exhibit D.**

55.     Additionally, Shaklee has allowed multiple third parties to sell drink mixes and dietary and nutritional supplements under marks containing "Performance," including but not limited to BLOX PERFORMANCE for a dietary supplement drink mix by BPI Sports (http://www.amazon.com/BPI-Sports-Performance-Refreshing-5-29-Ounce/dp/B000YFPQE6); FLUID PERFORMANCE for a drink mix by FLUID (http://livefluid.com/); GNC PROPERFORMANCE for protein powders and multivitamin packs by GNC

11

1   (http://www.gnc.com/search?q=pro+performance&lang=default); COR-

2   PERFORMANCE for creatine dietary supplements by Cellucor

3   (https://www.cellucor.com/creatine); PERFORMANCE ENERGY BAR for energy

4   bars by PowerBar (https://www.powerbar.com/energy/performance-energy-bar/); and

5   PERFORMANCE WHEY for a whey protein supplement by Optimum Nutrition, see

6   (https://www.optimumnutrition.com/en_US/products/performance-

7   whey#Dqc4TtBWL80by6k0.97).   True and correct copies of screenshots of these third

8   party uses are attached as **Exhibit E**.

9       56.    The term "Performance" in connection with drink mixes and dietary and

10   nutritional supplements is descriptive to identify goods that claim to enhance the

11   performance of consumers.

12       57.    In light of the descriptive nature of the term "Performance" and

13   Shaklee's repeated tolerance of subsequent third parties using and registering marks

14   incorporating the term "Performance," for similar goods, the Shaklee Performance

15   Marks are entitled to a narrow scope of protection.

16       58.    BEACHBODY PERFORMANCE and the Shaklee Performance Marks

17   are distinct in sound, appearance and commercial impression as applied to their

18   respective goods.

19       59.    Although the respective marks contain the word "Performance," the first

20   term in BEACHBODY PERFORMANCE is distinct from the first terms of Shaklee's

21   PERFORMANCE and SHAKLEE PERFORMANCE marks, and is distinct in

22   appearance and sound to an ordinary observer.

23       60.    Beachbody has acquired significant goodwill in its BEACHBODY®

24   house mark in connection with dietary and nutritional supplements, and as such, upon

25   seeing the BEACHBODY PERFORMANCE mark, consumers will automatically

26   identify Beachbody as the source identifier of the BEACHBODY PERFORMANCE

27   Goods.

28

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR
COMPETITIONLEGAL\32761164\1

61.     The channels of trade for the goods offered under the BEACHBODY PERFORMANCE and the Shaklee Performance Marks are sufficiently different in that the goods are predominately sold on the parties' respective websites or through the parties' respective distributors/Coaches.

## RECENT INFRINGEMENT BY SHAKLEE

62.     On or around August 9, 2017, Shaklee introduced an expanded line of dietary and nutritional supplements and related products under its Shaklee Performance Marks.

63.     The new line contains energy drinks, energy chews, electrolyte drinks, whey protein, recovery shakes, and dietary and nutritional supplements to help consumers maximize their athletic performance.

64.     The new line of products are marketed under the following designations: SHAKLEE PERFORMANCE ENERGIZE, SHAKLEE PERFORMANCE HYDRATE, SHAKLEE PERFORMANCE BUILD, and SHAKLEE PERFORMANCE RECOVER, of which Beachbody takes issue with the use of "PERFORMANCE ENERGIZE," "PERFORMANCE HYDRATE," and "PERFORMANCE RECOVER" as unitary terms (collectively, the "Infringing Designations").

65.     The packaging for each item in the new line is color-coded – neon green for SHAKLEE PERFORMANCE ENERGIZE, aqua blue for SHAKLEE PERFORMANCE HYDRATE, yellow for SHAKLEE PERFORMANCE BUILD, and purple for SHAKLEE PERFORMANCE RECOVER. True and correct copies of images of the new line of Shaklee supplements and packaging are attached as **Exhibit F**.

66.     The Infringing Designations, PERFORMANCE ENERGIZE, PERFORMANCE HYDRATE and PERFORMANCE RECOVER, are identical to Beachbody's use of "PERFORMANCE ENERGIZE," "PERFORMANCE

1  HYDRATE" and "PERFORMANCE RECOVER," as they contain both the

2  descriptive term "Performance", combined with the other terms of "Energize,

3  Hydrate, and Recover" respectively.

4      67.    Shaklee's new line of products incorporate the same packaging colors as

5  the products sold under the BP Additional Term Marks, namely yellow, neon green,

6  purple, and aqua blue.

7      68.    The Infringing Designations are similar in sound, meaning, and

8  appearance to the BP Additional Term Marks.

9      69.    The Infringing Designations combined with the use of the same colors on

10 the packaging create the same commercial impression and are confusingly similar.

11     70.    The goods offered under the Infringing Designations are substantially

12 identical to the goods offered under the BP Additional Term Marks, namely dietary

13 and nutritional supplements related products.

14     71.    The goods offered under the Infringing Designations are directed to the

15 same or similar consumers as the goods offered under the BP Additional Term Marks.

16     72.    Shaklee launched its new line of products under the Infringing

17 Designations and use of the same colors on the packaging after it had knowledge of

18 the Beachbody Performance supplements and the BP Additional Term Marks.

19     73.    Shaklee launched its new line of products under the Shaklee Performance

20 Marks and use of the same colors on the packaging over two years after Beachbody

21 had launched its BEACHBODY PERFORMANCE line of supplements under the BP

22 Additional Term Marks.

23     74.    Shaklee launched its new line of products under the Infringing Marks and

24 same colors on the packaging after sending letters to Beachbody accusing Beachbody

25 of infringing the Shaklee Performance Marks and demanding $25,000 as

26 compensation for injury to Shaklee's rights in its Shaklee Performance Marks.

27                          **COUNT I**

28

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR
COMPETITION LEGAL\32761164\1

## DECLARATORY JUDGMENT OF BEACHBODY'S NON-INFRINGEMENT

75.   Beachbody repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

76.   These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

77.   There is an actual case or controversy such that the Court may entertain Beachbody's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

78.   Beachbody's use of BEACHBODY PERFORMANCE does not violate Shaklee's trademark rights, and no likelihood of confusion exists with respect to Beachbody's adoption, selection, and/or use of BEACHBODY PERFORMANCE and Shaklee's use of the Shaklee PERFORMANCE Marks.

79.   Shaklee's allegations of trademark infringement have caused, and will continue to cause damage to Beachbody.

80.   Shaklee will continue its allegations of trademark infringement unless enjoined by this Court.

81.   Accordingly, Beachbody respectfully requests, pursuant to 28 U.S.C. § 2201, that the Court declare the rights and relations among the parties with respect to the subject matter hereof, to include a declaration that (i) Beachbody has the right to use BEACHBODY PERFORMANCE in commerce in connection with the BEACHBODY PERFORMANCE Goods; (ii) Beachbody has the right to own all right, title and interest, in and to the USPTO application for BEACHBODY PERFORMANCE and subsequent registration; (iii) no likelihood of confusion exists between the BEACHBODY PERFORMANCE mark and the Shaklee Performance Marks.

### COUNT II

15

## **DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION BY BEACHBODY**

82.    Beachbody repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

83.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

84.    There is an actual case or controversy such that the Court may entertain Beachbody's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

85.    Beachbody does not engage in any act of unfair competition by using and/or intending to use the BEACHBODY PERFORMANCE mark in commerce in connection with the BEACHBODY PERFORMANCE Goods.

86.    Shaklee's allegation of unfair competition has caused, and will continue to cause, damage to Beachbody.

87.    Shaklee will continue its allegations of unfair competition unless enjoined by this Court.

88.    Accordingly, Beachbody respectfully requests, pursuant to 28 U.S.C. § 2201, that this Court declares the rights and relations among the parties with respect to the subject matter hereof, to include a declaration that Beachbody does not engage in any act of unfair competition by using and/or proposing to use BEACHBODY PERFORMANCE mark in commerce in connection with the BEACHBODY PERFORMANCE Goods.

### **COUNT III**
### **UNFAIR COMPETITION BY SHAKLEE**

89.    Beachbody repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

16

90.     The Infringing Designations are similar in appearance, sound, meaning, and commercial impression, used in connection with substantially identical goods that are marketed and sold to the same or similar customers as Beachbody's goods sold under its BP Additional Term Marks.

91.     The colors on the packaging are the same and are used in connection with substantially identical goods that are marketed and sold to the same or similar customers as Beachbody's goods sold under its BP Additional Term Marks.

92.     Accordingly, Shaklee's use of the Infringing Designations and the same colors on its packaging in connection with its new line of dietary and nutritional supplement products is likely to cause confusion or mistake, or to deceive, as to the source, affiliation or sponsorship with Beachbody's BP Additional Term Marks for its dietary and nutritional supplement products.

93.     Beachbody's use of the BP Additional Term Marks and the same colors on its packaging in connection with its dietary and nutritional supplement products precedes Shaklee's use of the Infringing Designations by over two years.

94.     Accordingly, Shaklee's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

95.     Shaklee's conduct has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Beachbody in its BP Additional Term Marks and colors used on its packaging and in its business, reputation, and goodwill.

96.     Shaklee has unfairly competed with Beachbody and its BP Additional Term Marks and colors on its packaging in interstate commerce and in this district by various acts, including marketing, offering for sale, and selling similar dietary and nutritional supplement products under the Infringing Designations with the same colors on the packaging.  These unauthorized acts and unauthorized uses of the Infringing Designations and same packaging colors constitutes unfair competition to the substantial and irreparable injury of the public and of the BP Additional Term

17

1  Marks, and Beachbody's business reputation and goodwill pursuant to 15 U.S.C. §
2  1125.
3        97.    Shaklee's launch of its new product line under the Infringing
4  Designations and utilizing the specific colors it has chosen after having knowledge of
5  Beachbody's BP Additional Term Marks and colors on its packaging and the goods
6  sold in connection therewith, particularly after contacting Beachbody about
7  Beachbody's alleged infringement of the Shaklee Performance Marks constitutes
8  intentional and willful conduct in derogation of Beachbody's rights.
9        98.    Shaklee's conduct as alleged herein is willful and is intended to imitate
10 Beachbody's line of products sold under the BP Additional Term Marks and colors
11 used on its packaging, siphon off of Beachbody's goodwill, and is likely to cause
12 confusion, mistake, or deception as to the affiliation, connection, or association of
13 Shaklee with Beachbody.
14       99.    Shaklee's actions as alleged herein are and will continue to cause
15 Beachbody immediate and irreparable harm and injury to its goodwill and reputation
16 unless enjoined by this Court.
17       100.   Beachbody seeks treble damages and attorney's fees and costs given the
18 willful conduct of Shaklee.

19                         **COUNT IV**
20 **UNFAIR COMPETITION PER CAL. BUS. & PROF. CODE § 17200**

21       101.   Plaintiff repeats and re-alleges, and incorporates by reference, the
22 foregoing paragraphs as though the same were fully set forth at length herein.
23       102.   This cause of action arises under Cal. Bus. & Prof. Code § 17200.
24       103.   The use of the Infringing Designations and colors on its packaging by
25 Shaklee, which are nearly identical to Beachbody's BP Additional Term Marks and
26 colors on its packaging, in connection with dietary and nutritional supplement
27 products is likely to cause confusion in the marketplace as to the source, sponsorship
28

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR
COMPETITION LEGAL\32761164\1

1   and/or affiliation of Shaklee's products.  Consumers are likely to believe that

2   Shaklee's products are somehow related to Beachbody, when they are not.

3        104.   Shaklee's unauthorized conduct constitutes unfair competition, as the

4   aforementioned acts amount to an intentional and unauthorized sale and promotion of

5   dietary and nutritional supplement products under marks that are nearly identical to

6   Beachbody's BP Additional Term Marks and colors used on its packaging.

7        105.   Shaklee has unfairly competed with Beachbody's BP Additional Term

8   Marks and colors used in its packaging in interstate commerce and in this district by

9   various acts, including using substantially similar variations of Beachbody's BP

10  Additional Term Marks and the same packaging colors contained therewith in the

11  advertisement and sale of Shaklee's dietary and nutritional supplement products.

12       106.   This unauthorized use by Shaklee constitutes unfair competition to the

13  substantial and irreparable injury of the public and of Beachbody's business reputation

14  and goodwill.

15       107.   Beachbody is entitled to restitution of all monies Shaklee has received

16  from any unauthorized offering of products, and any other relief as the Court may

17  deem just and proper.

18                        **PRAYERS FOR RELIEF**

19       **WHEREFORE**, Beachbody prays for relief against Shaklee as follows:

20       1.     That this Court declares and adjudicates, pursuant to 28 U.S.C. § 2201,

21  that (i) Beachbody has the right to use the BEACHBODY PERFORMANCE mark in

22  connection with the BEACHBODY PERFORMANCE Goods in commerce; (ii)

23  Beachbody owns all right, title and interest, in and to the USPTO application for

24  BEACHBODY PERFORMANCE and subsequent registration; (iii) no likelihood of

25  confusion exists between the BEACHBODY PERFORMANCE mark and the Shaklee

26  Performance Marks; and (iv) Beachbody is not obligated to pay Shaklee any money

27

28

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR
COMPETITIONLEGAL\32761164\1

1    damages associated with Beachbody's use of the BEACHBODY PERFORMANCE
2    mark.

3         2.    That the Court declare and adjudicate, pursuant to 28 U.S.C. § 2201, that
4    (i) Beachbody is not engaging in any act of unfair competition by using and/or
5    intending to use the BEACHBODY PERFORMANCE mark in commerce in
6    connection with BEACHBODY PERFORMANCE Goods; and (ii) Beachbody is not
7    obligated to pay Shaklee any money damages associated with Beachbody's use of
8    BEACHBODY PERFORMANCE mark.

9         3.    That the Court declare and adjudicate, pursuant to 28 U.S.C. § 2201, that
10   Beachbody has caused Shaklee no recoverable damages.

11        4.    That the Court preliminarily and permanently enjoin and restrain
12   Shaklee, its officers, directors, agents, employees and all persons in active concert or
13   participation with it who receives actual notice of the injunction, by personal service
14   or otherwise, from doing, abiding, causing or abetting any of the following:

15        (a)    infringing or contributing to the infringement;

16        (b)    engaging in any acts or activities directly or indirectly calculated to
17        unfairly compete with Beachbody's BP Additional Term Marks and colors on
18        its packaging;

19        (c)    using in selling, offering for sale, promoting, advertising, marketing or
20        distributing of Shaklee's products, signage, advertisements or marketing
21        materials that use the Infringing Designations or a substantially similar
22        variation thereof or similar colors on Shaklee's packaging;

23        (d)    using any configuration or design that is confusingly similar to
24        Beachbody's BP Additional Term Marks or colors used on Beachbody's
25        packaging; and

26        (e)    otherwise competing unfairly with Beachbody in any manner whatsoever.

27        5.    That the Court find that Shaklee is unfairly competing with Beachbody.

28

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR
COMPETITIONLEGAL\32761164\1

6.      That the Court order Shaklee to deliver up to Beachbody for destruction, at Shaklee's expense, catalogs, web site materials, literature, brochures, packaging, signs, promotional materials, advertisements and other communications to the public in the possession or under the control of Shaklee, and any other material or any representations that are or may contain designations similar to Beachbody's BP Additional Term Marks and use of same colors on Shaklee's packaging.

7.      That the Court order Shaklee to account for and to pay over to Beachbody all damages suffered by Beachbody as a result of Shaklee's unfair competition.

8.      That the Court order Shaklee to account for and pay over to Beachbody all profits received by Shaklee from its unlawful acts, and for its unjust enrichment.

9.      That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Shaklee so as to prevent fraud on the Court and so as to ensure the capacity of Shaklee to pay, and the prompt payment of, any judgment entered against Shaklee in this action.

10.     That the Court award Beachbody its compensatory, incidental, and consequential damages.

11.     That the Court award Beachbody treble damages as a consequence of Shaklee's willful and intentional unfair competition pursuant to 15 U.S.C. § 1125.

12.     That the Court award Beachbody its reasonable attorneys' fees and the costs of this action.

13.     That the Court grant Beachbody such other relief as is just and proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Beachbody hereby demands a jury trial on all issues triable by jury.

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR COMPETITION LEGAL\32761164\1

1 | Dated:  October 2, 2017           COZEN O'CONNOR

2

3                                    By: /s/ Brett Taylor
                                          Brett N. Taylor
4                                         Attorneys for BEACHBODY, LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNFAIR
COMPETITION LEGAL\32761164\1